**Ex parte Lawrence Walter WILLMAN.**

**No. 01–85–0346–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 25, 1985.

Rehearing Denied Aug. 29, 1985.

Robert G. Turner, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., William J. Delmore, III, Casey O'Brien, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and SAM BASS and HOYT, JJ.

## OPINION

EVANS, Chief Judge.

This is an appeal from an order entered on a writ of habeas corpus in which the trial court reduced bail from $500,000 to $300,000. Appellant was indicted for delivery of at least 400 grams of a controlled substance, namely approximately 2,000 grams of cocaine. The possible punishment is confinement for life or for a term of not more than 99 years or less than 15 years, and a fine not to exceed $250,000. *See* Tex.Rev.Civ.Stat.Ann. art. 4476–15, sec. 4.03(d)(3) (Vernon 1985).

A grand jury indicted appellant who was a resident of Huntington Beach, California. He was arrested in California, and then extradicted to Texas. Appellant filed a writ of habeas corpus alleging that the bond was excessive and the trial court reduced the amount to $300,000. Appellant appeals, contending that the amount set is still excessive and requests bail be set in the amount of $30,000.

Appellant's friends and relatives testified that appellant owns a business which could be collaterized and that his family could raise up to $5,000 for a premium to a professional bondsman. There was also testimony that appellant earned approximately $2,000 per month and had approximately $50,000 worth of equipment in his business. Tex.Code Crim.P.Ann. art. 17.15 (Vernon 1966) provides:

The amount of bail to be required in any case is to be regulated by the court, judge, magistrate, or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

Moreover, Tex.Const. art. I, sec. 11 states that:

All prisoners shall be bailable by sufficient sureties unless for capital offenses, where the proof is evident; but this provision shall not be so construed as to prevent bail after indictment found upon examination of the evidence, in such manner as may be prescribed by law.

■ Punishment may be considered a primary factor in determining what constitutes reasonable bond. *Ex parte Rubac*, 611 S.W.2d 848 (Tex.Crim.App.1981). If convicted, appellant could receive a 15– to 99–year sentence or life imprisonment and a fine in an amount not to exceed $250,000. Additionally, in cases involving illegal transportation and sale of drugs, a higher bond may be required, because of the very nature of the offense. Illegal drug transactions of the nature alleged usually require large amounts of cash and the involvement of financial backers willing to forfeit bonds that are not sufficiently high. *See Ex parte Martinez-Velasco*, 666 S.W.2d 613, 616 (Tex.App.—Houston [1st Dist.] 1984, no pet.).

■ While bail cannot be used as an instrument of oppression, it should be sufficiently high to give reasonable assurance that the accused will appear at trial. *Ex parte Bufkin*, 553 S.W.2d 116 (Tex.Crim.App.1977). In *Ex parte Mudragon*, 666 S.W.2d 617 (Tex.App.—Houston [1st Dist.] 1984, no pet.), which also involved a drug

transaction, this court concluded that bond in the amount of $250,000 was not excessive, even though the defendant offered testimony showing strong ties to the community.

■ Circumstances and factors to be considered in determining the amount of bond include: family ties, residency, ability to make bond, aggravating factors involved in the offense, the defendant's work history, prior criminal record, and previous and outstanding bonds. *Ex parte Rubac, supra.* But, it is the defendant's burden to prove that the bail is excessive and he must usually show that he made an unsuccessful effort to furnish bail in the amount fixed. *Ex parte Miller*, 631 S.W.2d 825 (Tex.App. —Fort Worth 1982, pet. ref'd). Unless the defendant shows that his funds and those of his family have been exhausted, as in *Ex parte Dueitt*, 529 S.W.2d 531, 532 (Tex. Crim.App.1975), he must show that he made an unsuccessful effort to furnish bail in the amount set. *Ex parte Williams*, 467 S.W.2d 433 (Tex.Crim.App.1971); *Ex parte Stembridge*, 472 S.W.2d 155 (Tex.Crim. App.1971).

■ Although relatives and friends testified as to appellant's approximate income and assets, there was no showing that his funds and those of his family had been exhausted. Indeed, the evidence raises inferences to the contrary. Neither is there any showing that appellant tried to make the required bond and was unsuccessful.

We find that the appellant did not meet his burden of showing that bail is excessive, and we affirm the trial court's order setting bond at $300,000.