

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

November 19, 1991

Honorable Richard C. Terrell
District Attorney
Jim Wells and Brooks Counties
P. O. Drawer 3157
Alice, Texas 78333

Opinion No. DM-57

Re: Whether a justice of the peace may set bail by telephone, and whether a magistrate may establish pre-set bail amounts by posting a schedule at the county jail (RQ-69)

Dear Mr. Terrell:

You ask whether a justice of the peace may set bail by telephone for a person who has just been arrested. We find no authority for a justice of the peace to set bail in this manner.

A justice of the peace is a "magistrate" for purposes of the provisions of the Code of Criminal Procedure. *See* Code Crim. Proc. art. 2.09. In the sequence of events following a person's arrest, the earliest stage for which we find specific statutory authorization for a magistrate's setting bail is that provided for in articles 14.06 and 15.17. *See also id.* art. 16.01 (magistrate to determine amount or sufficiency of bail at examining trial). Articles 14.06 and 15.17 provide that a person making an arrest shall "without unnecessary delay" take the person arrested, or have him taken, "before" a magistrate. The magistrate must at that time inform the arrestee of the accusation, give him "Miranda" warnings as to his right to remain silent, his right to counsel, etc., and inform him of his right to an examining trial. The magistrate must allow the arrestee opportunity to consult counsel "and shall admit the person arrested to bail if allowed by law."[1]

---

[1]The requirements as to advising the arrestee of the accusation and of his rights, and admitting him to bail, are specified in article 15.17. Article 14.06 simply requires that an arrestee be brought before a magistrate and directs the magistrate to "perform the duties described in Article 15.17." We need not address here to what extent articles 14.06 and 15.17 serve distinct functions.

While article 14.06 merely directs the arresting officer to take the arrestee "before" a magistrate, article 15.17 provides that "the arrested person may be taken before the magistrate in person or the image of the arrested person may be broadcast by closed circuit television to the magistrate." Given the provisions for closed circuit television communication in article 15.17, we do not believe that the provisions of either article contemplate that their requirement of "taking before" a magistrate may be met by a more restricted form of contact such as telephone communication alone.

It should be noted that our conclusion here does not mean that an arrestee will never be able to be released on bail until such time as he is brought before a magistrate under articles 14.06 or 15.17. Article 17.20 permits a peace officer to set bail for all misdemeanors. Article 17.22 permits a peace officer to set bail for felonies where the court before which the case is pending "is not in session in the county where the defendant is in custody" and where no bail amount has theretofore been fixed. *See generally* Attorney General Opinion H-856 (1976); *see also* Tex. Const. art. I, §§ 11, 11a (providing for certain instances when bail may be denied).

In so concluding, we recognize that the entire process of setting bail may involve some communication by telephone. We limit our response here to what we understand to be the narrow issue you present: whether a justice of the peace, upon notification of a person's arrest and *prior to the arrestee's appearance before a magistrate*, may set bail by telephone. Again, we do not believe he has such authority.

You also ask whether it is "proper for a magistrate to have pre-set bail bond amounts by posting a schedule at the county jail." Article 17.15 of the Code of Criminal Procedure provides that the factors to be considered in setting bail include the detainees ability to make bail, the circumstances of the alleged offense, and the future safety of the victim. Texas courts have stated that the factors to be considered also include the bail applicant's work record, family ties, residency, prior criminal record, and adherence to previous bail bond conditions. *See, e.g., Ex parte Goosby*, 685 S.W.2d 440 (Tex. App.--Houston [1st Dist.] 1985, no writ); *Ex parte Willman*, 695 S.W.2d 752 (Tex. App.--Houston [1st Dist.] 1985, no writ). Attorney General Opinion H-856 noted that the amount of bail "must be determined by the Constitution and rules set out in article 17.15, rather than by any arbitrary 'schedule of bond amounts.'" *See also* Tex. Const. art. I, § 13 ("excessive bail shall not be required"). Accordingly, it is our opinion that bail amounts must be determined on a case-by-case basis, not pursuant to a pre-set schedule of amounts.

## SUMMARY

A justice of the peace lacks authority to set bail by telephone for a person who has just been arrested and who has not appeared before a magistrate. Neither is it proper for bail amounts to be set according to a pre-set schedule. Bail must be determined on a case-by-case basis.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General