Sean Lamount HUGHES, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–92–00751–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 3, 1992.

Edward Chernoff, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

Appellant was convicted by a jury of first degree murder and sentenced to fifteen years confinement in the Texas Department of Criminal Justice, Institutional Division. He gave notice of appeal, and the trial court set bond at one-hundred thousand ($100,000.00) dollars.

Appellant then filed an application for writ of habeas corpus in the trial court requesting that the bail be reduced. The Court denied the writ. In his sole point of error, appellant contends that the trial court abused its discretion in denying his writ for reduction of bail. We affirm.

No precise standard of review exists for reviewing the setting of bail pending appeal. *Ex parte Penagos*, 810 S.W.2d 796, 798 (Tex.App.—Houston [1st Dist.] 1991, no pet.), *citing Ex parte Pemberton*, 577 S.W.2d 266, 267 (Tex.Crim.App.1979). However, TEX.CODE CRIM.PROC.ANN. art. 17.15 (Vernon Supp.1992) serves as a guide.

Article 17.15 provides that bail shall be set, in the exercise of discretion, and according to the following rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense may be considered.

Appellant claims that the Court abused its discretion because it relied too heavily on the violent nature of the offense and discounted all other factors in setting the bail.

The two primary factors considered by trial courts in setting bail are: (1) the length of the sentence; and (2) the nature of the offense. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex.Crim.App.1981). A petitioner's work record, family ties, length of residency, ability to make bond, prior criminal record, and conformity with previous bond conditions are all only supportive data relevant to bond settings. *Id.*

The evidence at trial showed that appellant put the gun against his girlfriend's face and shot her between the eyes. The appellant carried the gun to school on a school bus. He intimidated witnesses and endangered the lives of his schoolmates. He disposed of the gun after the offense and created a false impression that a third person committed the offense.

The facts show that appellant exhibited a callous disregard for the rules of society and for the safety of those students who were trying to better their lives through education. He committed a violent crime, in an extremely cruel manner. A bond lower than that set by the court would not be in the best interest of justice.

We find that the Court did not abuse its discretion by denying appellant's writ. The judgment is affirmed.