Opinion issued August 30, 2002

 


 


 



In The

Court of Appeals

For The

First District of Texas 

____________


NO. 01-02-00507-CR

_________________



EX PARTE DARRIN KEITH BROWN, Appellant



 


On Appeal from the 337th District Court 

Harris County, Texas

Trial Court Cause No. 908471



 



 O P I N I O N

 Appellant, Darrin Keith Brown, appeals the trial court's refusal to grant him
habeas corpus relief when it declined to reduce his $125,000 bail.

Facts

Appellant is charged with possession of more than four grams and less than
200 grams of cocaine, enhanced by two alleged prior felony convictions. The
punishment range for such an offense is confinement for twenty-five years to ninety-nine years or life. See Tex. Pen. Code Ann. §12.42(d) (Vernon Supp. 2002). At the
April 2002 bail reduction hearing, the State introduced appellant's indictment and
rested.

Appellant put on two witnesses, his mother and himself. His mother testified
that she had contacted four bonding companies and could not make the $125,000 bail. 
She is disabled and her husband is a carpenter. They have monthly income of about
$1,000, and, after expenses, they could pay about $200 a month toward a bond. They
do not own a house, a car, or have cash in a bank account. She has jewelry worth
about $2000. She thinks her friends and relatives could raise $10,000. They have no
other assets to pledge as collateral for a bond.

Appellant's mother testified that appellant has lived in Harris County all his
life. Before this incident, he was living with his mother and his step-father, who are
also life-long Harris County residents. If released on bond, he would continue to live
with them. Appellant also has aunts, uncles, and siblings living in Harris County. 
None of her son's prior crimes, or the one currently charged, have involved violence.

Appellant testified that he has been in jail for four months. He cannot make the
$125,000 bail. He has no money in the bank, no car, no house, nor other assets,
except some jewelry that is worth $400 to $500, to help make the bail. Before he was
arrested, he made $550 to $600 a month, and, if released on bail, he could and would
go back to the refinery waterblasting work he was doing.

In August 2001, in connection with a prior offense, appellant successfully
completed parole, complying with all its conditions.

Appellant has never been married and has no children. He attended school
through the 11th grade. If released on bail, he intends to appear for all the trial
settings, as well as the trial, to which he is looking forward so that he can present his
case.

The trial court refused to reduce appellant's bail.

Appellant contends that $125,000 bail is excessive.

Analysis

There is no precise standard for reviewing bond settings on appeal. Ex parte
Pemberton, 577 S.W.2d 266, 267 (Tex. Crim. App. 1979). A reviewing court is
guided by article 17.15 of the Texas Code of Criminal Procedure. Id. Article 17.15
provides:

 The amount of bail to be required in any case is to be
regulated by the court, judge, magistrate or officer taking
the bail; they are to be governed in the exercise of this
discretion by the Constitution and by the following rules:


 (1) The bail shall be sufficiently high to give reasonable
assurance that the undertaking will be complied with.


 (2) The power to require bail is not to be so used as to
make it an instrument of oppression.


 (3) The nature of the offense and the circumstances under
which it was committed are to be considered.


 (4) The ability to make bail is to be regarded, and proof
may be taken upon this point.


 (5) The future safety of a victim of the alleged offense and
the community shall be considered.


Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon Supp. 2002). 

 A defendant has the burden to show that bail is excessive. Ex parte Rubac, 611
S.W.2d 848, 849 (Tex. Crim. App. 1981); Ex parte Willman, 695 S.W.2d 752, 754
(Tex. App.--Houston [1st Dist.] 1985, no pet.). The primary factors to be considered
in determining what constitutes reasonable bail are the punishment that can be
imposed and the nature of the offense. Rubac, 611 S.W.2d at 849; Hughes v. State,
843 S.W.2d 236, 237 (Tex. App.--Houston [14th Dist.] 1992, no pet.). Other
circumstances and factors to be considered in determining the amount of bail include:
family ties, residency, ability to make bond, aggravated factors involved in the
offense, the defendant's work history, prior criminal record, and previous outstanding
bonds. Rubac, 611 S.W.2d at 849; Willman, 695 S.W.2d at 754. The ability to make
bail, alone, does not control the amount of bail. Ex parte Charlesworth, 600 S.W.2d
316, 317 (Tex. Crim. App. 1980).

 Regarding such factors as family ties and residency, appellant produced
evidence weighing in favor of bail reduction. Appellant's evidence on work history
was inconclusive, showing that he had a job before he was arrested, but not indicating
how long he had held such a job. With respect to previously outstanding bonds,
appellant introduced no evidence of whether he had made bonds in connection with
his prior criminal offenses, and, if so, whether he complied with such bonds by
making all his court appearances. However, appellant did introduce evidence of
successfully completing parole. On the subject of future safety of the victim and the
community, appellant produced evidence that there were no allegations of violence
for the charged offense or in his prior offenses.

 Concerning appellant's ability to make bail, appellant and his mother gave
uncontroverted testimony that he could not make the $125,000 bail, but, with the help
of family and friends the family could raise $10,000. However, while the accused's
ability to make bail is relevant, it is not controlling in setting bail. See Ex parte
Sabur-Smith, 73 S.W.3d 436, 440 (Tex. App.--Houston [1st Dist.] 2002, no pet.).

 The primary factors to be considered in determining what constitutes
reasonable bail are the punishment that can be imposed and the nature of the offense. 
Rubac, 611 S.W.2d at 849; Hughes, 843 S.W.2d at 237. The offense with which
appellant is charged is a second degree felony, enhanced with two prior felony
convictions, carrying a punishment of confinement ranging from twernty-five years
to life. See Tex. Pen. Code Ann. §12.42(d) (Vernon Supp. 2002). The State cites
Willman for the proposition that drug cases, by their very nature, require
consideration of other factors such as the involvement of large amounts of cash and
the involvement of financial backers willing to forfeit bonds that are not sufficiently
high. See Willman, 695 S.W.2d at 753. This case is distinguishable from Willman
and others like it, however, in that appellant is not charged with delivery of large
amounts of a controlled substance, but rather with possession of a relatively small
amount. See Willman, 695 S.W.2d at 753 (Willman charged with delivery of
approximately 2,000 grams of cocaine and $300,000 bail held not excessive);
Patterson v. State, 841 S.W.2d 534, 534-35 (Tex. App.--Houston [1st Dist.] 1992,
pet. ref'd) (Patterson charged with possession with intent to deliver, 1,262.6 grams
of cocaine involved, and $150,000 bail held not oppressive).

 In considering the propriety of bail in Harris County cases, this Court has
considered the "Harris County Bail Schedule." See Ex parte Bogia, 56 S.W.3d 835,
838 (Tex. App.--Houston [1st Dist.] 2001, no pet.). The bail schedule provides for
"no bond" for cases that fit the "habitual" criteria of section 11a of the Texas
Constitution. See id. at 841. The State argues that "no bail" could have been sought
in this case, undoubtedly because appellant's offense is alleged to have taken place
after two alleged prior felony convictions. See Tex. Const. §11(a),(1). However,
this argument overlooks the second prong of §11(a), requiring that there be evidence:
"substantially showing the guilt of the accused of the offense in (1) . . . ." See Tex.
Const. §11a(a). In this case, at the bail reduction hearing, there was no evidence
substantially showing the guilt of the accused of the charged offense. Therefore, "no
bail" under the "habitual" offender provision was not, and is not, a consideration in
evaluating the propriety of bail in this case. 

 The bail schedule also suggests that, for cases involving large quantities of
controlled substance, the bail be set at double the value of the controlled substance. 
Regardless of whether the amount of cocaine allegedly involved in this case is
considered large or small, there was no evidence of its alleged value. Therefore, this
guideline also was not, and is not, a viable consideration in evaluating the propriety
of bail in this case.

 The category on the bail schedule closest to the situation in this case is for a
second degree felony with a prior conviction, for which the bail schedule suggests a
bail of $20,000. See id. Here, however, appellant's indictment for a second degree
felony contains two enhancement paragraphs alleging he has two prior felony
convictions, which appellant did not dispute at the bail reduction hearing. If
convicted, therefore, appellant faces possible confinement of twenty-five years to life
in prison. These considerations are counter-balanced by appellant's ties to the
community and past history of completing parole. Additionally, we consider the
aggravating fact that appellant was arrested for this offense less than a year after
completing parole related to one of those prior felony convictions.

 Having weighed the preceding considerations, we are of the opinion that bail
of $125,000 in this case is excessive, and we lower it to $75,000.



 Evelyn Keyes

 Justice



Panel consists of Justices Hedges, Jennings, and Keyes.


Do not publish. Tex. R. App. P. 47.