Affirmed and Opinion filed _____, 2003















Affirmed and Opinion filed March 20, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01069-CR

____________

 

EX PARTE EDWARD JEROME HUFF

 

 

 



On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 922,818

 

 

 



O P I N I
O N

            This
is an appeal from the denial of habeas corpus relief. Appellant Edward Jerome
Huff is charged with possession with intent to deliver at least four hundred
grams of cocaine. Bond was set at $300,000 and later reduced to $200,000.
Appellant filed a pretrial application for writ of habeas corpus asserting the
bond was excessive and asking the trial court to reduce it and set a reasonable
bond. Following an evidentiary hearing, the trial court denied the bond reduction.
On appeal, appellant contends the bond set by the trial court is oppressively
high and violates his rights under the Texas Code of Criminal Procedure, and
the United States and Texas Constitutions. We affirm.

Background

            Appellant
was arrested in Harris County, Texas on May 4, 2002 with two kilograms of cocaine in his
possession. At the time of his arrest, appellant was driving a rental car and
staying in motels for which he paid cash on a day-to-day basis. In addition to
two kilograms of cocaine, appellant also possessed a Florida driver’s license, a Texas identification card, and a one-way
bus ticket to Florida for which he paid cash. 

            At
the hearing on appellant’s application for writ of habeas corpus, appellant
presented testimony that he has enough collateral to make a $50,000 bond, but
only has enough money to pay fees on a $25,000 bond. The State introduced
evidence of appellant’s prior felony conviction in Texas, his arrest record in Florida, and a pending charge of possession
of marijuana in Chambers County. The trial court denied habeas
relief.

Applicability of Article 17.151

            In
his first issue, appellant contends the trial court erred in not reducing the
bond to $25,000 due to the State’s failure to show readiness for trial within
ninety days of appellant’s arrest, pursuant to article 17.151 of the Texas Code
of Criminal Procedure. Section 1 of article 17.151 states:

A defendant who is detained in jail pending trial of
an accusation against him must be released either on personal bond or by
reducing the amount of bail required, if the state is not ready for trial of
the criminal action for which he is being detained within: (1) 90 days from the
commencement of his detention if he is accused of a felony.

 

If the State is not ready for trial
within ninety days after commencement of detention for a felony, the trial
court has two options:  release on
personal bond or reduce the bail amount. See
Rowe v. State, 853 S.W.2d 581, 582 (Tex. Crim.
App. 1993); Ex parte
Ancira, 942 S.W.2d 46, 47 (Tex. App.─Houston [14th Dist.] 1997, no pet.). The State
did not show readiness for trial in this offense within ninety days of
appellant’s arrest.

            The
State contends, however, that section 1 of article 17.151 does not apply
because at the time he was arrested for the Harris County offense, appellant was on bond for a
pending offense in Chambers County. The record reflects that following
appellant’s arrest in Harris County, a detainer
was placed by Chambers County for pending possession of marijuana
charges. Section 2 of article 17.151 of the Texas Code of Criminal Procedure
provides:

The provisions of this article do not apply to a
defendant who is: (2) being detained pending trial of another accusation
against him as to which the applicable period has not yet elapsed[.]

 

            The
writ hearing record does not reflect whether the applicable period has lapsed
in the Chambers County case or whether the State has shown
readiness for trial in that case. A writ applicant has the burden of proving
facts that would entitle him to relief. Ex parte Kimes,
872 S.W.2d 700, 703 (Tex. Crim. App. 1993). Therefore,
appellant has failed to defeat the exception to section 1 of article 17.151.
Because appellant failed to prove facts that would entitle him to relief, we
find the trial court did not abuse its discretion in denying relief.
Appellant’s first issue is overruled.

Excessive Bail

            In
his second through fifth issues, appellant contends the bond set by the trial
court is oppressively high and violates his rights under the United States and Texas Constitutions. The primary
purpose of an appearance bond is to secure the presence of the accused at trial
on the offense charged. See Maldonado v.
State, 999 S.W.2d 91, 93 (Tex. App.─Houston
[14th Dist.] 1999, pet. ref’d). Bail balances the
presumption of innocence of the accused with the compelling interest of the
State that the accused appear to answer the accusation against him. See Balboa v. State, 612
S.W.2d 553, 556 (Tex. Crim. App. 1981). Bail
should be set high enough to give reasonable assurance that the defendant will
appear at trial, but it should not operate as an instrument of oppression. Maldonado, 999 S.W.2d
at 93. The burden is on the person seeking the reduction to demonstrate
that bail is excessive. Id. The amount of bail is a matter
resting within the sound discretion of the trial court and there is no precise
standard for reviewing its determination. Ex parte
Pemberton, 577 S.W.2d 266, 267 (Tex. Crim. App.
1979). However, article 17.15 of the Code of Criminal Procedure serves
as a guide.

            Article
17.15 provides that bail shall be set, in the exercise of discretion, and
according to the following rules:

1.  The bail
shall be sufficiently high to give reasonable assurance that the undertaking
will be complied with.

 

2.  The power to require bail is not to be so
used as to make it an instrument of oppression.

 

3.  The nature of the offense and the
circumstances under which it was committed are to be considered.

 

4.  The ability to make bail is to be regarded,
and proof may be taken upon this point.

 

5.  The future safety of a victim of the alleged
offense may be considered.

 

            Other
circumstances and factors to be considered in determining the amount of bond
include: family ties, residency, ability to make bond, aggravating factors
involved in the offense, the defendant’s work history, prior criminal record,
and previous and outstanding bonds. Ex parte Rubac,
611 S.W.2d 848, 849 (Tex. Crim. App. 1981). Keeping
in mind it is appellant’s burden to demonstrate that bail is excessive, we now
review the evidence in light of the Rubac factors and
those listed in article 17.15.

A.        Sufficient
Bail to Assure Appearance and Bail as Instrument of Oppression

            The
evidence indicates little that would keep appellant in Texas if his bond were significantly
reduced. When he was arrested, he had a Florida driver’s license and a one-way bus
ticket to Florida. While in Texas, he has used a rental car and stayed
in motels paid by the day in cash. Appellant presented no evidence of ties to Harris County or Texas. 

B.        Nature
of the Offense

            The
amount of bail must also be based on the nature of the offense and the
punishment for the offense. Appellant is charged with possession with intent to
deliver more than four hundred grams of cocaine. Tex. Health & Safety Code § 481.112(a).
Appellant was arrested with two kilograms of cocaine, worth approximately
$200,000. If convicted, appellant could receive a fifteen to ninety-nine year
sentence or life in prison. Tex. Health & Safety Code §
481.112(f). Additionally, in cases involving illegal
transportation and sale of drugs, a higher bond may be required because of the
nature of the offense. Ex
parte Willman, 695
S.W.2d 752, 753 (Tex. App.─Houston [1st Dist.]
1985, no pet.). Drug transactions of the nature alleged usually require
large amounts of cash and the involvement of financial backers willing to
forfeit bonds that are not sufficiently high. Id. 

C.        Ability
to Make Bail

            Appellant
presented evidence that he could not meet a bond of $200,000. While appellant’s
inability to make bail is a factor, it is not the sole determining factor to be
considered in setting bail. Ex parte Gentry, 615 S.W.2d 228, 231
(Tex. Crim. App. 1981). Appellant testified
that he could raise enough cash to fund a $25,000 bond or enough collateral to
fund a $50,000 bond. This factor alone does not make the bond excessive. See Ex parte
Welch, 729 S.W.2d 306, 310 (Tex. App.─Dallas 1987, no pet.) (“If the ability to make a specified
bond were determinative, then the trial court would be relegated to the
position of setting bail as determined by the accused.”).

D.        Future
Safety of the Community

            Although
there is no evidence that appellant presents a threat of violence to the
community, he is charged with possession with intent to deliver a large amount
of cocaine. To the extent the community would be harmed by the sale and use of
that drug, appellant could be considered a threat to the community.

E.         The
Remaining Factors

            Appellant
presented no evidence of an established work record or family ties to Harris County or Texas. Appellant was living in motels for
which he paid on a day-to-day basis. He has previously been convicted of a
felony in Texas. Appellant also served probation for possession and
sale of marijuana in Florida. Further, appellant has a pending
marijuana-possession charge in Chambers County.

Conclusion

            Based
on the evidence in the record, we find appellant has failed to demonstrate that
the pretrial bail fixed by the trial court is oppressively high and violates
his rights under the state and federal constitutions. When we consider the
evidence relevant to the factors set out in article 17.15 and Ex parte Rubac, we hold the trial court did not abuse its
discretion in setting bail at $200,000. Appellant’s
second through fifth issues are overruled. 

We affirm the trial court’s order
denying appellant’s request to reduce his bond.



 

 

 

                                                                                                                                                                                                                        /s/         Scott Brister

                                                                                    Chief
Justice

 

 

 

 

Judgment rendered and Opinion filed March 20,
 2003.

Panel consists of Chief Justice Brister and Justices Fowler
and Edelman.

Do Not Publish — Tex. R. App. P. 47.2(b).