Affirmed and Opinion filed May 1, 2003









Affirmed and Opinion filed May 1, 2003.

 

In The

 

Fourteenth Court of Appeals

 

____________

 

NO. 14-02-01273-CR

_____________

 

EX
PARTE STEVEN EARL ARMSTEAD

 

 



 

On
Appeal from the 209th District Court

Harris County, Texas

Trial
Court Cause No. 925,378

 



 

M
E M O R A N D U M   O P I N I O N

This is an appeal from the denial of habeas corpus
relief.  Appellant Steven Earl Armstead is charged with possession with intent to deliver
at least four hundred grams of cocaine. 
Bond was set at $500,000. 
Appellant filed a pretrial application for writ of habeas corpus
asserting the bond was excessive and asking the trial court to reduce it and
set bond at $50,000.  Following an
evidentiary hearing, the trial court denied the bond reduction. Appellant filed
a timely written notice of appeal.  On
appeal, appellant contends in a single issue that the bond set by the trial
court is oppressively high and violates his rights under the federal and state
constitutions.  We affirm.








The primary purpose of an appearance bond is to secure
the presence of the accused at trial on the offense charged. See Maldonado
v. State, 999 S.W.2d 91, 93 (Tex. App.─Houston [14th Dist.] 1999, pet. ref=d).  Bail balances the presumption of innocence of
the accused with the compelling interest of the State that the accused appear
to answer the accusation against him.  See Balboa v. State, 612 S.W.2d 553, 556
(Tex. Crim. App. 1981). Bail should be set high
enough to give reasonable assurance that the defendant will appear at trial,
but it should not operate as an instrument of oppression.  Maldonado, 999 S.W.2d at 93.  The burden is on the person seeking the
reduction to demonstrate that bail is excessive.  Id.  The amount of bail is a matter resting within
the sound discretion of the trial court and there is no precise standard for
reviewing its determination.  Ex parte Pemberton, 577 S.W.2d 266, 267 (Tex. Crim. App. 1979). 
Article 17.15 of the Code of Criminal Procedure, however, serves as a
guide.

Article 17.15 provides that bail shall be set, in the
exercise of discretion, and according to the following rules:

1.  The bail shall
be sufficiently high to give reasonable assurance that the undertaking will be
complied with.

2.  The power to
require bail is not to be so used as to make it an instrument of oppression.

3.  The nature of
the offense and the circumstances under which it was committed are to be
considered.

4.  The ability to
make bail is to be regarded, and proof may be taken upon this point.

5.  The future
safety of a victim of the alleged offense may be considered.

Tex. Code Crim.
Proc. Ann. art. 17.15.








Other circumstances and factors to
be considered in determining the amount of bond include: family ties,
residency, ability to make bond, aggravating factors involved in the offense,
the defendant=s work history, prior criminal
record, and previous and outstanding bonds.  Ex parte Rubac, 611 S.W.2d 848, 849 (Tex. Crim.
App. 1981).  Keeping in mind it is
appellant=s burden to demonstrate that bail
is excessive, we now review the evidence in light of the Rubac
factors and those listed in article 17.15.[1]

A.        Sufficient
Bail to Assure Appearance and Bail as Instrument of Oppression

Appellant called no witnesses,
other than his defense counsel.  Counsel
testified based on his conversations with appellant=s
family that appellant, together with his family and friends, could post bail in
the amount of $50,000 to $100,000, and they cannot post bond as set.  There was no testimony about appellant=s
family or community ties to Harris County, his length of residency, or work
history.  There was also no testimony
that appellant was not a flight risk and no assurance was given that appellant
would appear if released on bond.  

The State presented testimony that appellant
is a habitual criminal with several prior convictions for drug offenses.  In addition to two pending drug offenses, and
two drug convictions alleged in the enhancement paragraphs of those
indictments, appellant had two other prior convictions for drug offenses.  He was also on bond for the offense of
possession with intent to deliver between four and 200 grams of cocaine when he
was arrested for possession with intent to deliver seven kilos of cocaine.  Thus, the State contends this obvious connection
to the drug trafficking trade and the lack of evidence regarding ties to Harris
County demonstrates the current bail is set no higher than necessary reasonably
assure appellant=s appearance.  See Ex parte
Reyes, 4 S.W.3d 353, 355 (Tex. App.CHouston [1st Dist.]
1999, no pet.).  Moreover, because of the
immense street value of seven kilos of cocaine, the amount of the current bond
is not oppressive.  See, e.g., Ex parte Bonilla, 747 S.W.2d 743 (Tex. App.CHouston [1st Dist.] 1987, no pet.) (holding $250,000
was reasonable bail on charge of delivery of five kilos of cocaine with street
value of approximately $500,00).

B.        Nature
of the Offense








The amount of bail must also be
based on the nature of the offense and the punishment for the offense.
Appellant is charged with possession with intent to deliver more than four
hundred grams of cocaine. Tex. Health
& Safety Code ' 481.112(a).  Specifically, appellant is charged with
possessing seven kilos (7000 grams) of cocaine. 
If convicted, appellant could receive a fifteen to ninety-nine year
sentence or life in prison, and a fine not to exceed $250,000.  Tex.
Health & Safety Code ' 481.112(f).  Additionally, in cases involving illegal
transportation and sale of drugs, a higher bond may be required because of the
nature of the offense.  See Maldonado,
999 S.W.2d at 95-96 (upholding bail set at $2,500,000 where defendant was
charged with possession with intent to deliver cocaine worth at least
$11,000,000).  Ex parte
Willman, 695 S.W.2d 752, 753 (Tex. App.─Houston [1st Dist.] 1985, no pet.)
(holding $300,00 was reasonable bail on charge of delivery of at least 400
grams of cocaine).  Drug transactions of
the type alleged in this case usually require large amounts of cash and the
involvement of financial backers willing to forfeit bonds that are not
sufficiently high.  Id. 

C.        Ability
to Make Bail

Appellant presented no evidence of
his financial resources, but his attorney testified appellant was unable to
post bail as set.  While appellant=s
inability to make bail is a factor, it is not the sole determining factor to be
considered in setting bail.  Ex parte Gentry, 615 S.W.2d 228, 231 (Tex. Crim. App. 1981). 
Appellant=s counsel testified appellant and his  family and friends could post a $50,000 or
$100,000 bond.  This factor alone does
not make the bond excessive.  See Ex parte Welch, 729 S.W.2d 306, 310 (Tex. App.─Dallas 1987, no pet.) (AIf
the ability to make a specified bond were determinative, then the trial court
would be relegated to the position of setting bail as determined by the
accused.@).

D.        Future
Safety of the Community








Although there is no evidence that
appellant presents a threat of violence to the community, he is charged with
possession with intent to deliver a large amount of cocaine. To the extent the
community would be harmed by the sale and use of that drug, appellant could be
considered a threat to the community.

Conclusion

Based on the evidence in the
record, we find appellant has failed to demonstrate that the pretrial bail
fixed by the trial court is oppressively high and violates his rights under the
state and federal constitutions.  When we
consider the evidence relevant to the factors set out in article 17.15 and Ex
parte Rubac, we hold
the trial court did not abuse its discretion in setting bail at $500,000.
Appellant=s sole issue is overruled. 

We affirm the trial court=s
order denying appellant=s request to reduce his bond.

 

PER CURIAM

 

Judgment rendered and Opinion filed May 1, 2003.

Panel consists of Chief Justice Brister and Justices
Fowler and Edelman.

Do Not Publish C Tex. R. App. P.
47.2(b).











[1]  Appellant=s cites to our opinion in Aviles v. State, 26
S.W.3d 696 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d), which is inapposite because Aviles
concerned setting bail after the reversal of the defendant=s conviction.