Affirmed and Opinion filed August 14, 2003









Affirmed and Opinion filed August 14, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-03-00590-CR

____________

 

EX
PARTE ISIDRO GALLEGOS, JR.

 



 

On
Appeal from the 183rd District Court

Harris County, Texas

Trial
Court Cause No. 945,703

 



 

M
E M O R A N D U M  O
P I N I O N

Appellant
appeals the denial of his application for pretrial writ of habeas corpus on the
grounds that the trial court abused its discretion in setting his bail at
$500,000. We affirm.

Appellant
Isidro Gallegos is charged with possession with intent to deliver at least four
hundred grams of cocaine.  Bond was set
at $1,200,000 and later reduced to $500,000. 
Appellant filed a pretrial application for writ of habeas corpus
asserting the bond was excessive and asking the trial court to reduce it and
set a reasonable bond.  Following an
evidentiary hearing, the trial court denied the bond reduction.  In a single issue, appellant contends the
bond set by the trial court is excessively high.

 








Background

Appellant
was arrested in Harris County, Texas with more than five kilograms of cocaine
in the trunk of the car in which he was a passenger.  At the time of his arrest he was on bond for
failure to stop and give information.  At
the hearing on appellant=s application for writ of habeas corpus, appellant presented
testimony that he has enough collateral to make a $15,000 tto$20,000 bond.  His wife testified that she and appellant are
both citizens of the United States and they have a child.  

Invited
Error

The
State initially argues that appellant should be estopped
from complaining about his bond because he agreed to a $500,000 bond.  The State points to a bond agreement in the
record signed by the prosecutor, the judge, and defense counsel agreeing that
bond be set at $500,000.  The doctrine of
invited error estops a party from complaining about
an action the party has requested.  Ripkowski
v. State, 61 S.W.3d 378, 388 (Tex. Crim. App.
2001).  Here, the State contends
appellant requested his bond be reduced to $500,000 so he cannot now ask for a
further reduction.  Contrary to the State=s
argument, the record does not reflect that appellant requested the trial court
reduce his bond to $500,000, but that he agreed to that amount as opposed to
$1.2 million.  Appellant may challenge
the amount of his bond in the trial court by application for writ of habeas
corpus.  Ex parte
Reese, 666 S.W.2d 675, 677 (Tex. App.CFort
Worth 1984, pet. ref=d).  We do not find that
appellant is estopped from bringing an application
for writ of habeas corpus challenging the reduced bond.

Excessive
Bail








Bail
is the security given by a defendant that he will appear in court to answer the
accusation brought against him.  Tex. Code Crim.
Proc. Ann. art. 17.01.  Bail balances the
presumption of innocence of the accused with the compelling interest of the
State that the accused appear to answer the accusation against him.  Balboa v. State, 612 S.W.2d 553, 556 (Tex. Crim.
App. 1981).  Bail
should be set high enough to give reasonable assurance that the defendant will
appear at trial, but it should not operate as an instrument of oppression.  See Maldonado v. State, 999 S.W.2d 91,
93 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d).  The burden is on the person seeking the reduction to
demonstrate that bail is excessive.  Id.  The setting of bail is a matter resting
within the sound discretion of the trial court and there is no precise standard
for reviewing its determination.  Ex parte Pemberton, 577 S.W.2d
266, 267 (Tex. Crim. App. 1979). However,
article 17.15 of the Texas Code of Criminal Procedure serves as a guide.

Article 17.15 provides that bail shall be set, in the
exercise of discretion, and according to the following rules:

1.  The bail
shall be sufficiently high to give reasonable assurance that the undertaking
will be complied with.

 

2.  The power to
require bail is not to be as so used to make it an instrument of oppression.

 

3.  The nature
of the offense and the circumstances under which it was committed are to be
considered.

 

4.  The ability
to make bail is to be regarded, and proof may be taken upon this point.

 

5.  The future
safety of a victim of the alleged offense may be considered.

 

Other circumstances and factors to be considered in
determining the amount of bond include the following: family ties, residency,
ability to make bond, aggravating factors involved in the offense, the
defendant=s work history, prior criminal
record, and previous and outstanding bonds. 
Ex parte Rubac, 611 S.W.2d 848, 849 (Tex. Crim.
App. 1981).  Keeping in mind it is
appellant=s burden to demonstrate that bail is
excessive, we now review the evidence in light of the Rubac
factors and those listed in article 17.15.








A.                
Sufficient Bail to Assure Appearance and Bail as
Instrument of Oppression.

The evidence indicates that
appellant has family ties to the community in that he is married with one
child.  He is a citizen and has a home in
Harris County.  

B.                
Nature of the Offense

The amount of bail must also
be based on the nature of the offense and the punishment for the offense.  Appellant is charged with possession with
intent to deliver more than four hundred grams of cocaine.  Tex.
Health & Safety Code '
481.112(a).  Appellant was arrested with
over five kilograms of cocaine, worth approximately $570,000.  If convicted, appellant could receive a
fifteen to ninety-nine year sentence or life in prison.  Tex.
Health & Safety Code '
481.112(f).  Additionally, in cases
involving illegal transportation and sale of drugs, a higher bond may be
required because of the nature of the offense. 
Ex parte Willman,
695 S.W.2d 752, 753 (Tex. App.CHouston [1st Dist.] 1985, no
pet.).  Drug transactions of the nature
alleged usually require large amounts of cash and the involvement of financial
backers willing to forfeit bonds that are not sufficiently high.  Id.

C.                
Ability to Make Bond

Appellant presented evidence
that he could not make a bond of $500,000. 
While appellant=s
inability to make bail is a factor, it is not the sole determining factor to be
considered in setting bail.  Ex parte Gentry, 615 S.W.2d 228,
231 (Tex. Crim. App. 1981).  Appellant=s
wife testified that she could raise enough cash to fund a $15,000 to $20,000
bond.  This factor alone does not make
the bond excessive.  See Ex parte Welch, 729 S.W.2d 306, 310 (Tex. App.CDallas
1987, no pet.).  (AIf
the ability to make a specified bond were determinative, then the trial court
would be relegated to the position of setting bail as determined by the
accused.@).

D.                
Future Safety of the Community








Although there is no
evidence that appellant presents a threat of physical violence to the
community, he is charged with possession with intent to deliver a large amount
of cocaine.  To the extent the community
would be harmed by the sale and use of that drug, appellant could be considered
a threat to the community.  Further,
appellant committed this offense while on bond for another offense.  There is little assurance that appellant
would refrain from committing further crimes while on bond for this offense.

E.                 
The Remaining Factors

Appellant presented no
evidence of an established work record. 
Appellant has been arrested for failure to stop and give information,
and organized crime, but has no prior convictions.

Conclusion

Based on the evidence in the
record, we find appellant has failed to demonstrate that the pretrial bail
fixed by the trial court is oppressively high. 
When we consider the evidence relevant to the factors set out in article
17.15 and Ex parte Rubac,
we hold the trial court did not abuse its discretion in setting bail at
$500,000.  Appellant=s sole issue is overruled.

We affirm the trial court=s order denying appellant=s request to reduce his bond.

 

 

PER CURIAM

 

 

Judgment rendered and Memorandum
Opinion filed August 14, 2003.

Panel consists of Justices Hudson,
Fowler and Anderson.

Do not publish C Tex. R. App. P. 47.2(b).