**Affirmed and Memorandum Opinion filed April 9, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-01151-CR

## EX PARTE WAYLAND HURST

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 12CR1752**

## M E M O R A N D U M   O P I N I O N

Appellant Wayland Hurst appeals the trial court's denial of his application for writ of habeas corpus seeking a reduction in bond. In a single issue he argues that his bail is excessive and that the trial court erred in failing to release him on a personal bond. We affirm.

On April 12, 2012, appellant was arrested for possession with intent to deliver between four and 200 grams of cocaine within 1,000 feet of an elementary school. Bond was set at $250,000. Appellant was not indicted until July 17, 2012.

On November 8, 2012, appellant filed an application for writ of habeas corpus and bail reduction. According to his application, appellant was taken into custody on April 12, 2012, and he can afford a bond of $10,000. On December 10, 2012, the trial court denied appellant's application for writ of habeas corpus, but reduced the bond to $150,000.

At the hearing on appellant's application, it was established that appellant had been incarcerated more than 90 days without the State announcing ready for trial. Appellant's wife testified at the hearing that she could only afford a $10,000 bond.

In a single issue on appeal appellant contends the trial court abused its discretion in not releasing appellant on personal recognizance or in the alternative reducing appellant's bond to $10,000 pursuant to article 17.151 of the Texas Code of Criminal Procedure.

Section 1 of article 17.151 provides that a defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the State is not ready for trial of the criminal action for which he is being detained within 90 days from the commencement of his detention if he is accused of a felony. Tex. Code Crim. Proc. Ann. art. 17.151 § 1(1). Appellant argues that in light of this statute, the trial court had no discretion to act other than to release him on personal recognizance or a bond in the amount he could afford.

In support of his argument, appellant relies on *Rowe v. State*, a Court of Criminal Appeals case decided in 1993. In *Rowe*, the State did not indict Rowe within the ninety-day period that followed Rowe's incarceration. *Rowe*, 853 S.W.2d at 581. The Court of Criminal Appeals concluded that article 17.151 requires a trial court to reduce a defendant's bail to an amount the record reflects

2

that he can afford, or to release a defendant on personal bond where the record reflects that he cannot make any bond. *Id*. at 582 & n. 1; *see* Tex. Code Crim. Proc. Ann. art. 17.151.

However, a trial court's discretion in fixing a defendant's bail is governed by article 17.15 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 17.15. In May 1993, when the Court of Criminal Appeals reached its decision in *Rowe*, article 17.15 allowed, but did not require, trial courts to consider the future safety of a victim of the respective alleged offense in fixing the defendant's bail. *See* Act of May 23, 1985, 69th Leg., R.S., ch. 588, § 2, 1985 Tex. Gen. Laws 2219 (amended 1993) (current version at Tex. Code Crim. Proc. Ann. art. 17.15). At that time, the statute was silent with respect to whether a trial court could consider community-safety concerns in determining the question of bail. *See id*. After the Court of Criminal Appeals decided *Rowe*, the Legislature amended article 17.15.

The amended version of the statute applicable in this case places a mandatory duty on courts to consider the future safety of the community in fixing the amount of a defendant's bail. *See* Act of May 22, 1993, 73rd Leg., R.S., ch. 396 § 1, 1993 Tex. Gen. Laws 1694, 1695; *now codified as* Tex. Code Crim. Proc. Ann. art. 17.15. The Court of Criminal Appeals, in an unpublished opinion dismissing petition for discretionary review, adopted this construction of articles 17.15 and 17.151. *See Ex parte Kretzer*, 2012 WL 1882245 (Tex. Crim. App. May 16, 2012) (not released for publication) ("By placing a mandatory duty on trial courts to consider the safety of the victim and the safety of the community in fixing bail in all cases, the Legislature requires trial courts to consider a fact that is not related to the amount the defendant can afford to pay.") (quoting *Matthews v. State*, 327 S.W.3d 884, 887 (Tex. App.—Beaumont 2010, no pet.).

Under the amended statute, to obtain release on personal recognizance or a reduced bond under article 17.151, appellant bears the burden of proof to show bail is excessive *and* the future safety of the victim and the community will not be affected by his release. *Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. 1980); *see also Matthews*, 327 S.W.3d at 888.

The trial court is required to consider certain criteria in making a bail determination. *Maldonado v. State*, 999 S.W.2d 91, 93 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). Article 17.15 provides:

> The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:
>
> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2. The power to require bail is not to be so used as to make it an instrument of oppression.
>
> 3. The nature of the offense and the circumstances under which it was committed are to be considered.
>
> 4. The ability to make bail is to be regarded, and proof may be taken upon this point.
>
> 5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. Ann. art. 17.15. In addition to considering the factors in article 17.15, the courts have added seven other factors to be weighed in determining the amount of bond: (1) the accused's work record; (2) the accused's family and community ties; (3) the accused's length of residency; (4) the accused's prior criminal record; (5) the accused's conformity with previous bond conditions; (6) the existence of other outstanding bonds, if any; and (7) aggravating circumstances alleged to have been involved in the charged offense. *Ex parte*

4

*Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. [Panel Op.] 1981); *Maldonado*, 999 S.W.2d at 93.

In this case, appellant presented evidence through his wife's testimony that he could only afford a $10,000 bond. She further testified that he had not been a threat to the community, nor had he been violent. On cross-examination she testified that she and appellant were born and raised in Galveston County, and had lived in their current home for six months with three school-age children. Due to the drugs that were found in the home, the Department of Family Protective Services required appellant's wife to attend parenting classes.

The State produced three exhibits as evidence in support of the bond. The first exhibit is the affidavit for search warrant. The affidavit reflects that a confidential informant reported that appellant and his wife were engaging in cocaine trafficking in their home. The return and inventory reflects that officers seized 5.7 grams of cocaine, a small amount of marijuana, a digital scale, two prescription bottles, and a marijuana grinder. The second exhibit was the incident report, which confirmed that the house was in a drug-free zone, within 1,000 feet of an elementary school. The third exhibit is a controlled substance analysis laboratory report, which reflects the cocaine recovered weighed a total of 3.96 grams.

Appellant is charged with possession with intent to deliver between four and 200 grams of cocaine. Tex. Health & Safety Code § 481.112(d). If convicted, appellant could receive a twenty-five to ninety-nine year sentence or life in prison. Tex. Health & Safety Code § 481.112(f); Tex. Penal Code Ann. § 12.42. Although the lab report reflects fewer than four grams of cocaine were recovered, appellant remains subject to the same range of punishment due to two prior convictions alleged as enhancement paragraphs in the indictment. Additionally, in cases

involving illegal trafficking of drugs, a higher bond may be required because of the nature of the offense. *See Maldonado*, 999 S.W.2d at 95–96 (upholding bail set at $2,500,000 where defendant was charged with possession with intent to deliver cocaine worth at least $11,000,000); *Ex parte Willman*, 695 S.W.2d 752, 753 (Tex. App.—Houston [1st Dist.] 1985, no pet.) (holding $300,000 was reasonable bail on charge of delivery of at least 400 grams of cocaine).

In this case, there is evidence in the form of the confidential informant's statements that appellant and his wife are engaged in the trafficking of narcotics. They are accused of conducting a drug business in their home where three school-age children live, and within 1,000 feet of an elementary school. Although there is no direct evidence concerning future safety of the victim or the community, in cases involving large quantities of illegal drugs, particularly near an elementary school, such as this case, a much higher bond may be required to assure the presence of the defendant at trial. *See Maldonado*, 999 S.W.2d at 96.

Based on the evidence in the record, we find appellant has failed to demonstrate that the pretrial bail as reduced by the trial court is oppressively high and violates his rights under the state and federal constitutions. When we consider the evidence relevant to the future safety of the community, we find the trial court did not abuse its discretion in reducing bail to $150,000. We affirm the trial court's order denying appellant's request to reduce bond.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

Do Not Publish — TEX. R. APP. P. 47.2(b).