

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00124-CR

_____

EX PARTE MANUEL FLORES, JR.

On Appeal from the 54th District Court
McLennan County, Texas
Trial Court No. 2020-2233-2

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Manuel Flores, Jr., appeals from the trial court's order denying his application for a writ of habeas corpus that sought a reduction of his bail. Flores was indicted for aggravated sexual assault, a first-degree felony,[1] and the 54th Judicial District Court of McLennan County[2] set his bail at $1,000,000.00. *See* TEX. CODE CRIM PROC. ANN. art. 17.15. On appeal, Flores complains that the trial court abused its discretion when it refused to reduce his bail. Because we find that the trial court did not abuse its discretion, we affirm the trial court's order.

## I.      Standard of Review

We review an order denying a petition for writ of habeas corpus under an abuse-of-discretion standard. *Ex parte Hicks*, 262 S.W.3d 387, 388 (Tex. App.—Waco 2008, no pet.) (citing *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981)). "We examine the record to determine whether the trial court considered the relevant statutory and common law factors and set a bail amount that was not excessive." *Ex parte Hammond*, No. 10-15-00424-CR, 2016 WL 454971, at *2 (Tex. App.—Waco Feb. 4, 2016, no pet.) (mem. op., not designated for publication)[3] (citing *Ex parte Gonzalez*, 383 S.W.3d 160, 161 (Tex. App.—San Antonio 2012, pet. ref'd)). We will find an abuse of discretion if the trial court applies "an erroneous legal standard, or when no reasonable view of the record could support the trial court's

---

[1]TEX. PENAL CODE ANN. § 22.021(a)(1)(A), (2)(A)(iv), (e).

[2]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Tenth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

[3]"Although unpublished opinions have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).

conclusion under the correct law and facts viewed in the light most favorable to its legal conclusion." *Ex parte Warren*, No. 10-19-00140-CR, 2019 WL 4865789, at *1 (Tex. App.—Waco Oct. 2, 2019, no pet.) (mem. op., not designated for publication) (quoting *Ex parte Smith*, 486 S.W.3d 62, 64 (Tex. App.—Texarkana 2016, no pet.) (quoting *DuBose v. State*, 915 S.W.2d 493, 497–98 (Tex. Crim. App. 1996), *overruled on other grounds by Guzman v. State*, 955 S.W.2d 85, 90 (Tex. Crim. App. 1997))). It is the petitioner's burden to show that the amount of bail is excessive. *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977).

## A.    Bail

Article 17.15 of the Texas Code of Criminal Procedure gives the trial court discretion in setting bail and provides that it should consider the following factors:

> 1.    The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2.    The power to require bail is not to be so used as to make it an instrument of oppression.
>
> 3.    The nature of the offense and the circumstances under which it was committed are to be considered.
>
> 4.    The ability to make bail is to be regarded, and proof may be taken upon this point.
>
> 5.    The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15; *see Ex parte Owen*, No. 10-16-00188-CR, 2016 WL 6953107, at *1 (Tex. App.—Waco Nov. 23, 2016, no pet.) (mem. op., not designated for publication). In addition, "courts should also consider the defendant's work record, family ties, residency, criminal record, conformity with previous bond conditions, and aggravating factors

3

involved in the offense." *Owen*, 2016 WL 6953107, at *1. "The primary purpose for setting bail is to secure the presence of the defendant in court at his trial." *Id.* (citing *Vasquez*, 558 S.W.2d at 479).

## II.    Analysis

### A.    Nature and Circumstances of the Offense

In our review, "the defendant's potential sentence and the nature of the crime are 'primary factors' for us to consider." *Id.* at *2 (citing *Ex parte Hunt*, 138 S.W.3d 503, 506 (Tex. App.—Fort Worth 2004, pet. ref'd)). If the nature of the offense is serious and a lengthy sentence is probable, "bail should be 'set sufficiently high to secure the presence of the accused at trial because the accused's reaction to the prospect of a lengthy prison sentence might be not to appear.'" *Id.* (quoting *Ex parte Hulin*, 31 S.W.3d 754, 761 (Tex. App.—Houston [1st Dist.] 2000, no pet.)).

The nature of the charged offense is serious. Flores is charged with aggravated sexual assault, a first-degree felony with a minimum sentence of five years and a maximum sentence of ninety-nine years or life imprisonment, plus a fine of up to $10,000.00. *See* TEX. PENAL CODE ANN. §§ 12.32, 22.021(e).

Flores is accused of having sexually assaulted his wife, Daisy, with whom he was no longer living. It is alleged that he broke into her house, tied her up, dragged her into a room, and cut her clothes off with a knife. It is also alleged that he forced her to give him oral sex while she had zip ties or tape around her arms and legs. Flores is also alleged to have broken through the bathroom door when Daisy managed to go there and scream for help through the window.

4

After this, Flores is alleged to have forcibly raped her, punched her in the head, kicked her, and forced her with a knife to her throat to call the man she was dating and break up with him.

Daisy's father testified that he was aware of most of these allegations, but he testified that Daisy had told him she had recanted at least some of the allegations at a prior hearing.[4] He also testified that, whatever Flores was accused of doing, he forgave him and loved him.

The Waco Court of Appeals has noted that, while a $1,000,000.00 bail amount is not common, it "is within the range of bail amounts that have been upheld for some first degree felony offenses other than murder or capital murder" that have a maximum punishment of ninety-nine years or life imprisonment. *Owen*, 2016 WL 6953107, at *2. Significantly, the Waco court cited several cases that affirmed bail ranging from $750,000.00 to $2,500,000.00 in non-violent, first-degree felonies. *Id*. In addition, the Waco court and other courts of appeals have affirmed bail of a similar range when violent felonies were alleged. *See Ex parte Garner*, No. 10-18-00129-CR, 2018 WL 3469834, at *5 (Tex. App.—Waco July 18, 2018, no pet.) (mem. op., not designated for publication) (affirming $1,000,000.00 bail for felony murder); *Owen*, 2016 WL 6953107, at *1, *4 (affirming $1,000,000.00 bail for family violence assault with one prior family violence assault, a third-degree felony, enhanced by two prior felony convictions); *Ex parte Campbell*, No. 02-13-00313-CR, 2013 WL 5041031, at *1, *5 (Tex. App.—Fort Worth Sept. 12, 2013, no pet.) (per curiam) (mem. op., not designated for publication) (affirming $750,000.00 bail, each, for three counts of aggravated sexual assault of a child).

---

[4]The transcript from the prior hearing is not a part of the appellate record.

Because of the paucity of testimony at the hearing, we cannot determine whether it is probable that Flores will be convicted and receive a lengthy sentence. Even so, the serious nature of the alleged offense, the violence with which it is alleged to have occurred, the possible punishment range, and the fact that, although high, the bail is within the range of bail that has been affirmed in similar felonies all favor the trial court's denial of reduction of the bail amount.

### B. Ability to Make Bail

"The accused's ability to make bail is merely one factor to be considered in determining the appropriate amount of bail." *Garner*, 2018 WL 3469834, at *3 (citing TEX. CODE CRIM. PROC. ANN. art. 17.15(4); *Ex parte Scott*, 122 S.W.3d 866, 870 (Tex. App.—Fort Worth 2003, no pet.)). "Simply because a defendant cannot meet the bail set by the trial court does not automatically render it excessive." *Id.* (citing *Scott*, 122 S.W.3d at 870). "To show that he is unable to make bail, a defendant generally must show that his funds and his family's funds have been exhausted." *Owen*, 2016 WL 6953107, at *3 (quoting *Milner v. State*, 263 S.W.3d 146, 149 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Ex parte Willman*, 695 S.W.2d 752, 754 (Tex. App.—Houston [1st Dist.] 1985, no pet.))). "Unless he has shown that his funds and those of his family have been exhausted, a defendant must usually show that he made an unsuccessful effort to furnish bail before bail can be determined to be excessive." *Milner v. State*, 263 S.W.3d 146, 149 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Willman*, 695 S.W.2d at 754)).

Although Flores presented evidence that his mother was a traveling nurse assistant, he presented no evidence about his assets, what amount of bail he could pay, or whether his family had the ability to help him make bail. In addition, there was no evidence of what efforts he or his

6

family had made to make the bail.[5]  For these reasons, this factor also favors the trial court's denial of reduction of the bail amount.

### C.     Safety of the Victim and the Community

There was no evidence about whether the victim currently fears Flores.  That said, the trial court could have reasoned that, if the allegations are true, Flores remains a threat to both the victim and the community.  This factor also favors the trial court's denial of reduction of the bail amount.

### D.     Community and Family Ties, Work Record

Flores elicited testimony that his mother lives in McLennan County and that he would be able to reside with her if he could be released on bail.  There was no other evidence of his family or community ties, other than his relationship with the victim and her family.  In addition, there was no evidence of how long he had resided in the community.  The only evidence of his work record was that he was working at Sam's Club at the time of his arrest.  But there was no evidence of the length of his employment at Sam's Club, or of any other employment he may have had.  On that basis, these factors also favor the trial court's denial of reduction of the bail amount.

---

[5]In his brief, Flores asserts that, at the time of the hearing, he had been incarcerated for almost twenty months.  Yet, he also claims that he was arrested in March 2020.  The record shows that Flores filed his application for writ of habeas corpus in July 2020 and that the hearing on his application occurred in October 2020, but contains no evidence of when Flores was arrested.  Without evidence of when Flores was arrested, we can only presume that Flores was incarcerated at the time his application was filed and that he was incarcerated for at least three months at the time of the hearing.

### E.  Prior Convictions, Compliance with Previous Bond Conditions

There was no evidence that Flores had any prior convictions or that he had had any previous bonds. As a result, these factors would favor a grant of reduction of the bail amount.

## III.  Conclusion

Based on this record, we find that Flores has not carried his burden to establish that the bail amount was excessive. *See Vasquez*, 558 S.W.2d at 479. Further, while the bail amount may be on the outer edges of what would constitute an appropriate amount of bail, we cannot say that the trial court did not consider the relevant statutory and common law factors and set the bail amount accordingly. *See Hammond*, 2016 WL 454971, at *2. As a result, we cannot find on this record that the trial court abused its discretion. We overrule Flores's sole issue.

For the reasons stated, we affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:       February 1, 2021
Date Decided:         February 26, 2021

Do Not Publish