**William David GOLDEN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 01–08–00575–CR, 01–08–00576–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 10, 2009.

Rehearing Overruled April 3 and May 18, 2009.

Discretionary Review Refused Aug. 19, 2009.

---

**16.** *See* comment contained in Footnote No. 1.

William David Golden, Houston, pro se.

Julie Klibert, William J. Delmore III, Asst. Dist. Attys., Kenneth Magidson, Harris County Dist. Atty., Houston, for appellee.

Panel consists of Justices TAFT, BLAND, and SHARP.

## OPINION

JANE BLAND, Justice.

In this bond reduction appeal, William David Golden, appellant, asks that we reverse the trial court's judgments setting his bail at $200,000 in each of the two underlying drug possession cases.[1] Golden urges that we order him released from custody. As grounds for appellate relief, Golden asserts the following: (1) the State did not show probable cause for his detention and (2) the trial court abused its discretion in setting excessive bonds. We reverse the judgments and render judgment that bail is set at $75,000 in trial court habeas cause number 1171883 and $50,000 in trial court habeas cause number 1171884.

### Factual Background

Baytown police arrested Golden, on May 6, 2008, on suspicion of driving while intoxicated. During a search, police discovered that Golden carried alleged controlled substances, and the State prepared proposed indictments the next day. In the first, cause number 1165978, the State proposes charging Golden with possession of cocaine weighing more than one gram and less than four grams by aggregate weight. In the second, case number 1165979, the State proposes charging Golden with possession of heroin weighing more than four grams and less than 400 grams. In both proposed indictments, the State alleges that these offenses are enhanced by Golden's alleged earlier convictions of felony possession of a controlled substance in February 1986 and felony delivery of a controlled substance in January 1994.

Police advised Golden of the charges against him and that no bond was set in either case. Golden, representing himself, applied to the trial court for habeas corpus relief, requesting that the trial court set reasonable bail. On June 20, 2008, the trial court granted the writs and ordered that a hearing be held on June 30, 2008. At the beginning of the hearing, fifty-five days after arrest, the trial court noted that the return of the writs had not been made. The prosecutor acknowledged that the State had gone to the grand jury just that morning and both causes received a true bill.

---

1. The trial court cause numbers are 1165978 and 1165979. The corresponding trial court case numbers of the application for habeas corpus relief are Case No. 1171883 and Case No. 1171884, respectively.

Golden called two witnesses and also testified on his own behalf. His wife, Janet Golden, testified that she and Golden live in Katy, Texas; that Golden owns a flooring business, which she is struggling to run in his absence; that a bonding company with which she consulted could make a five thousand dollar bond; that the bonding company felt that a five thousand dollar bond would be reasonable for the offense; and that she felt that Golden would make his parole visits and appearances before the court. Rick Harper testified that at times over the past few years he had given Golden flooring work to do on which Golden does a good job; that, if needed, he would assist Golden with employment and community support; that Golden has, and, if released, would, as he had in the past, work with Harper in doing substance abuse and alcohol abuse counseling. Harper also testified that he thinks Golden will make his court appearances. Golden testified about the circumstances of the police stop. The State introduced no evidence at the hearing.

Golden stated that the State had not shown probable cause for his detention and moved the trial court to dismiss the charges against him. The trial court denied the motion and set bond in each case at $200,000. Subsequently, the State supplemented the record with the two indictments, approved by the grand jury, and filed with the District Clerk on June 30, 2008.

### Probable Cause for Detention

■ In his first ground for relief, Golden asserts that the trial court erred in not granting him liberty because the State presented no evidence at the hearing and thus failed to show probable cause for his detention. The State, however, supplemented the record with the returned indictments in both cases. The return of an indictment establishes probable cause as a matter of law. *Ex parte Plumb*, 595 S.W.2d 544, 545 (Tex.Crim.App.1980). We overrule the first ground for relief.

### Propriety of Bail

■ In his second ground for relief, Golden asserts that the trial court abused its discretion in setting excessive bail of $200,000 for each drug possession charge. We review a trial court's decision as to the appropriate amount of bail under an abuse of discretion standard. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex.Crim.App. 1981); *Ex parte Ruiz*, 129 S.W.3d 751, 753 (Tex.App.-Houston [1st Dist.] 2004, no pet.). In the exercise of its discretion, a trial court must consider the following statutory factors in setting bail:

1. The bail shall be sufficiently high to give reasonable assurance that a criminal defendant will appear at trial and comply with other court orders and conditions of the bond.

2. The power to require bail is not to be used as an instrument of oppression.

3. The nature of the offense and the circumstances of its commission.

4. The ability to make bail is to be regarded, and proof may be taken on this point.

5. The future safety of a victim of the alleged offense and the community.

*See* TEX.CODE CRIM. PROC. ANN. art. 17.15 (Vernon 2005); *Ludwig v. State*, 812 S.W.2d 323, 324 (Tex.Crim.App.1991) (noting that the court is "to be governed in the exercise of [its] discretion by the Constitution and by the article 17.15 factors"). The burden of proof is upon a defendant who claims bail is excessive. *Rubac*, 611 S.W.2d at 849; *Ex parte Martinez–Velasco*, 666 S.W.2d 613, 614 (Tex.App.-Houston [1st Dist.] 1984, no pet.).

█ The primary purpose for setting bond is to secure the presence of the defendant at his trial. *Ex parte Vasquez,* 558 S.W.2d 477, 479 (Tex.Crim.App.1977); *Ex parte Bonilla,* 742 S.W.2d 743, 744 (Tex.App.-Houston [1st Dist.] 1987, no pet.). The amount of bail should be set sufficiently high to give reasonable assurance that the accused will comply with the undertaking, but should not be set so high as to be an instrument of oppression. *Ex parte Bufkin,* 553 S.W.2d 116, 118 (Tex. Crim.App.1977); *Ex parte Willman,* 695 S.W.2d 752, 753 (Tex.App.-Houston [1st Dist.] 1985, no pet.). Courts should consider the defendant's work record, family ties, length of residency, past criminal record, conformity with previous bond conditions, and other outstanding bonds. *See Rubac,* 611 S.W.2d at 849; *see also Martinez–Velasco,* 666 S.W.2d at 614–15.

*Discussion*

█ Golden introduced evidence of family ties and residency, namely that he is a businessman, residing in Katy, Texas with his wife, and before that time in Houston, Texas. Before his arrest, he attended drug and alcohol abuse counseling in the community. He produced evidence that, if released on bond, he would have assistance with employment, could resume counseling, and would have support from a church and the community. Both his wife and business associate testified that Golden would appear at trial. This evidence weighs in favor of a bond reduction.

Against this, the trial judge could weigh Golden's acknowledgment that had been arrested for drug possession while on parole for a prior drug offense. While those who possess cocaine with the intent to deliver in amounts over 400 grams undoubtedly affect the community in which they live, *see Maldonado v. State,* 999 S.W.2d 91, 97 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd), the quantities alleged to have been possessed are relatively low, and the State has not charged that the possession was with an intent to deliver. Neither of the charged offenses, nor the alleged prior convictions, involve a weapon or violence.

█ Though ability or inability to make bail does not control the bail to be set, it is a factor that the trial court must consider together with the other statutory elements. *Ex parte Gentry,* 615 S.W.2d 228, 231 (Tex.Crim.App.1981); *Ex parte Reyes,* 4 S.W.3d 353, 355 (Tex.App.-Houston [1st Dist.] 1999, no pet.); TEX.CODE CRIM. PROC. ANN. art. 17.15(4). The testimony of Golden's wife addressed the amount that a bonding agency was willing to post, not Golden's ability to make that amount. Golden did not show that the bonding agency had interviewed Golden and no one, including himself or his wife, testified regarding Golden's overall financial resources. *See, e.g., Ruiz,* 129 S.W.3d at 754 (lack of evidence of Ruiz's personal financial resources a factor considered by court of appeals in affirming trial court's decision not to lower bail) (citing *Ex parte Chavfull,* 945 S.W.2d 183, 186, 187 (Tex. App.-San Antonio 1997, no pet.)). Neither Golden, nor his wife testified whether they owned or rented their Katy residence. Neither of them testified to the value of Golden's flooring business. Golden introduced no evidence regarding whether he had securities or bank or savings accounts, and, if so, their values. *See, e.g. Chavfull,* 945 S.W.2d at 186. Golden did, however, adduce evidence that his wife is struggling to keep the business afloat while he is incarcerated, and she cannot fulfill the business's outstanding contracts. This evidence indicates that Golden's post-arrest incarceration has detrimentally impacted his ability to post a bond. *See Ex parte Bogia,* 56 S.W.3d 835, 837, (Tex.App.-

Houston [1st Dist.] 2001, no pet.) (considering fact that defendant was confined in jail for six months as evidence that he could not make bail and concluding that the $360,000 bail set for second degree felony theft was less justifiable the longer pretrial detention continued).

Finally, the State charges Golden with two felony drug possession offenses. One, in case number 1165979, for possession of heroin weighing more than four grams and less than four hundred grams by aggregate weight, a second degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (Vernon 2003). The regular range of punishment for such an offense is confinement for two to twenty years and a fine not to exceed $10,000. TEX. PEN.CODE ANN. § 12.33(a), (b) (Vernon 2003). The other charge, in case number 1165978, is for possession of cocaine weighing more than one gram and less than four grams, a third degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (Vernon 2003). The regular range of punishment for a third degree felony is confinement for two to ten years and a fine not to exceed $10,000. TEX. PEN.CODE ANN. § 12.34(a), (b) (Vernon 2003). Both indictments contain habitual offender enhancement paragraphs alleging Golden's prior convictions (1) in 1986 of felony delivery of a controlled substance and (2) in 1994 of felony possession of a controlled substance. If proven, these enhancement paragraphs elevate the range of punishment in each case to confinement for a minimum of 25 years to 99 years or life. TEX. PEN.CODE ANN. § 12.42(d) (Vernon Supp.2008).

Though Golden is subject to a lengthy period of confinement if he is convicted, this case is unlike *Willman, Ruiz,* or other drug cases in which our court has affirmed six-figure bail amounts, both in the quantity of drugs allegedly possessed and in ties to the community. In *Willman,* the State charged the defendant with delivery of approximately two kilograms of cocaine,[2] *Willman,* 695 S.W.2d at 753, and in *Ruiz,* police recovered approximately 63.55 kilograms of cocaine valued at $5.5 million.[3] *Ruiz,* 129 S.W.3d at 752. Here, the quantity of drugs involved, relative to *Willman* and *Ruiz,* is small. In addition, Golden is not charged with delivery of a controlled substance as the defendants in *Willman* and *Ruiz* were. *Willman,* 695 S.W.2d at 753; *Ruiz,* 129 S.W.3d at 754. Unlike in *Ruiz,* here, there is no evidence that the defendant is not a United States citizen or resident or poses any flight risk, no evidence of large sums of money found at the crime scene, and no evidence of participation by co-actors to suggest a smuggling conspiracy. *See Ruiz,* 129 S.W.3d at 752.

Rather, we conclude that this case is similar to cases such as *Ex parte Brown,* No. 01–02–00507–CR, 2002 WL 2023267, 2002 Tex.App. LEXIS 6557 (Tex.App.-Houston [1st Dist.] August 30, 2002, no pet.) (not designated for publication) and *Denby v. State,* A14–91–00385–CR, 1991 WL 214718, 1991 Tex.App. LEXIS 2615 (Tex.App.-Houston [14th Dist.] October 24, 1991, no pet.) (not designated for publication), in which we and our sister court, respectively, reduced the bail set for drug possession. Brown was charged with second degree felony possession of a controlled substance, enhanced by two alleged prior felony convictions, *see Brown,* 2002 WL 2023267, at *1, 2002 Tex.App. LEXIS 6557, at *1, so the potential range of pun-

---

2. This court affirmed the trial court's reduction of bail from $500,000 to $300,000. *Ex parte Willman,* 695 S.W.2d 752, 754 (Tex. App.-Houston [1st Dist.] 1985, no pet.).

3. This court affirmed the trial court's reduction of bail from $1,600,000 to $600,000. *Ex parte Ruiz,* 129 S.W.3d 751, 752 (Tex.App.-Houston [1st Dist.] 2004, no pet.).

ishment mirrors that in this case. Factoring in suggestions from the Harris County Bail Schedule, this court lowered Brown's bail from $125,000 to $75,000. *Id.* 1991 WL 214718, at *2-*3, 1991 Tex.App. LEXIS 2615, at *7-*9. Denby faced two felony indictments, one for two counts of forgery and the other for engaging in organized criminal activity, with each indictment enhanced by two prior felony convictions. *Denby* 1991 WL 214718, at *1, 1991 Tex. App. LEXIS 2615, at *1. The trial court found Denby to be an habitual offender facing a range of punishment for each offense of confinement of twenty-five to ninety-nine years or life. *Id.* 1991 WL 214718, at *2, 1991 Tex.App. LEXIS 2615, at *3. It noted that Denby was on parole at the time of his last arrest. *Id.* Holding that the trial court abused its discretion in setting bail at $75,000 in each case, the Fourteenth Court of Appeals reversed the trial court's judgment and rendered judgment that the bond be reduced to $50,000 in each case. *Id.* 1991 WL 214718, at *3, 1991 Tex.App. LEXIS 2615, at *9. Given the facts of this case and the amounts set in roughly comparable circumstances, we hold that $200,000 is an excessive bail amount for each of the two charges of drug possession. Noting that the alleged drugs recovered differ in quantity and kind so that one charge of possession is a second degree felony and the other is a third degree felony, we reduce the bail in cause number 1165979, the second degree felony possession case, to $75,000 and in cause number 1165978, the third degree felony possession case to $50,000.

### Conclusion

Considering the amount of bail determined to be reasonable for other cases of alleged possession of relatively small amounts of drugs, in which the defendant's indictment is enhanced, but involves only non-violent offenses, we reverse the trial court's judgments setting bail at $200,000 in each case and render judgment that bail be set at $75,000 in trial court habeas cause number 1171883 and at $50,000 in trial court habeas cause number 1171884.

Justice SHARP concurring.

### CONCURRING OPINION

JIM SHARP, Justice.

While I concur in the Court's judgments reducing Golden's two bonds, I write to address the directive nature of article 17.15(4):

> The ability to make bail *is* to be regarded, and proof *may* be taken upon this point.

TEX.CODE CRIM. PROC. ANN. art. 17.15(4) (Vernon 5005) (emphasis added).

The statute requires the trial court to consider and evaluate the defendant's ability to make bail. *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1911 (Philip Babcock Gove ed.1961) (defining "regard"). In the absence of proof being offered by the defendant, the statute requires the trial court—sitting in its capacity as a magistrate—to elicit testimony on the defendant's "ability to make bail."

Here, Golden, proceeding pro se, offered no evidence to the trial court of his ability to make bail. While there was testimony that a bondsman was willing to post a $5,000 bond, that is only evidence of what the bondsman was willing to risk, not evidence of Golden's ability to make bond. Without regarding Golden's ability to make bail, the trial court set bail at $200,000 in each case in an evidentiary vacuum. By failing to elicit evidence from Golden, a pro se defendant, regarding his ability to make bail, the trial court failed to

perform the duty imposed by article 17.15(4).