# NO. 12-20-00230-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 159TH* |
| | § | *JUDICIAL DISTRICT COURT* |
| *JOSHUA LEE TURNER* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Joshua Lee Turner appeals the trial court's denial of his pretrial motion for bond reduction. Appellant is charged with two counts of unlawful restraint classified as third degree felonies, and two counts of unlawful restraint classified as state jail felonies.[1] Bond was initially set at $500,000. Appellant moved the district court to reduce the bond to $20,000. The trial court denied his motion. We reverse and remand.

## BACKGROUND

Texas Department of Family and Protective Services investigator, Terri Loftin, investigated the home where Appellant lived with his partner and two young girls, ages five and four. The home was in a squalid, unkept state. The room where the girls slept contained a stained mattress and an abundance of toys scattered on the floor. Loftin also observed a wire cage containing a pink porta-potty and a dirty baby bed mattress. Interviews with the children disclosed that the children went "to jail" in the wire cage when they misbehaved. According to the children, their incarceration might last for one or two days. Sometimes they received only bread and water while "in jail." Their main complaint was that they were always hungry. The two children were removed from the home.

---

[1] TEX. PENAL CODE ANN. § 20.02(c)(1), (2) (West 2019).

Initially, Appellant and his co-defendant claimed that the wire cage was for a sick pit their now deceased bull dog they had. But the report of Detective Jordan Long from the Angelina County Sheriff's Department indicates that Appellant and his co-defendant discussed leaving the children in the cage and sometimes forgetting them.

Officers from the Angelina County Sheriff's Department arrested Appellant and charged him with unlawful restraint. Bond was set at $500,000.

At the bond reduction hearing, Appellant testified that he could not make the $500,000 bond. He contacted bondsmen in the county but could not raise the money to pay the premium they were asking. He reached out to family and friends, but they could not help. He asked the court to set bond at $20,000, a bond he could pay.

Appellant testified that he worked for the past ten years as groundskeeper, heavy equipment operator, and shop mechanic at Angelina County Junior College for $11.85 per hour. He also worked at another job for $10 per hour. He said he would make no effort to contact the children if released on bond, and he promised to appear at every court date.

Appellant claimed he quit using methamphetamine two years ago, but admitted smoking marijuana almost daily. Appellant had no criminal record. On the date of the bond hearing, he had been incarcerated for approximately 171 days.

Both Loftin and Detective Long testified that the children were in a safe location with caregivers who would protect them if Appellant attempted to contact them. Loftin testified that there was no concern for the children's safety.

The court initially noted that the amount of bond seemed inappropriate to the offense charged. However, considering the nature of the offenses and the circumstances attending its commissions, the court denied the motion to reduce bond. This appeal followed.

### DENIAL OF PRE-TRIAL BOND REDUCTION

In his sole issue, Appellant challenges the trial court's denial of his request for pre-trial bond reduction.

### Standard of Review

The standard of review for evaluating bail settings is abuse of discretion. *See Ex parte Rubac*, 611 S.W.2d 848, 849-50 (Tex. Crim. App. 1981). The burden is on the defendant to show that the amount of bail is excessive. *Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex.

Crim. App. 1980).  The reviewing court will not disturb the decision of the trial court so long as the trial court's decision is within the zone of reasonable disagreement.  **Cooley v. State**, 232 S.W.3d 228, 234 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

The trial court should consider the following factors in setting bail.

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
2. The power to require bail is not to be so used as to make it an instrument of oppression.
3. The nature of the offense and the circumstances under which it was committed are to be considered.
4. The ability to make bail is to be regarded, and proof may be taken on this point.
5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2015); **Golden v. State**, 288 S.W.3d 516, 518 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).  The trial court should also weigh the following factors in determining the amount of the defendant's bond: (1) work record, (2) family ties, (3) length of residency, (4) criminal record, if any, (5) conformity with the conditions of any previous bond, (6) existence of outstanding bonds, if any, and (7) aggravating circumstances alleged to have been involved in the charged offense.  **Smith v. State**, 829 S.W.2d 885, 887 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd); *see* **Rubac**, 611 S.W.2d at 849-50.

A trial court should set bail in a sufficient amount to reasonably assure the defendant's appearance at trial.  **Montalvo v. State**, 315 S.W.3d 588, 593 (Tex. App.—Houston [1st Dist.] 2010, no pet.).  The primary purpose in setting bail is to secure the presence of the defendant at trial.  **Ex parte Vasquez**, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977).  The nature of the crime and the defendant's potential sentence if convicted are important considerations.  **Montalvo**, 315 S.W.3d at 593.  The amount of bail becomes oppressive when it is based on the assumption the defendant cannot afford bail in that amount and is therefore for the purpose of insuring the defendant's continued incarceration pending trial.  **Richardson v. State**, 181 S.W.3d 756, 759 (Tex. App.—Waco 2005, no pet.).

The ability or inability of the accused to make bail is a factor to be considered, but that factor alone does not control the amount of bail even if the accused is indigent.  **Charlesworth**, 600 S.W.2d at 317.

**Discussion**

Appellant maintains the trial court abused its discretion in denying his motion to reduce bail by considering only one of the five factors set out in Article 17.15 of the Texas Code of Criminal Procedure, and none of the other considerations developed in case law.

Article 17.15(1) requires that bail be sufficiently high to insure the accused's appearance when required. Appellant has a steady work record, no previous criminal history, and friends and relatives in the community. He has lived in the county for over ten years. He admits to a long, regular use of marijuana, but has no arrest record.

Article 17.15(5) requires the future safety of the victim and the community be considered. Both Loftin and Detective Long agreed that the children were being well cared for by people who would protect them if Appellant tried to contact them. Neither expressed concern that Appellant's release presented a risk to the children.

The ability to make bail is to be regarded. TEX. CODE CRIM. PROC. ANN. Art. 17.15(4). But it is not dispositive. *See **Jones v. State***, 803 S.W.2d 712, 716 (Tex. Crim. App. 1991). Appellant testified that he contacted bondsmen and, unsurprisingly, he was unable to pay the premium for a half million dollar bail bond. Appellant thought he could pay the premium for a $20,000 bail bond. As the State argues, the evidence regarding Appellant's ability to make bail is scanty. At the time of the children's removal, Appellant lived in a squalid house with hardly any furniture. He makes $11.85 per hour at the junior college. Even without additional evidence, we believe it is safe to assume that a person in Appellant's circumstances does not possess brokerage or savings accounts or other personal resources available to pay the premium for a half million dollar bond.

In denying Appellant's motion to reduce bond, the trial court understandably gave special weight to "the nature of the offense and the circumstances under which it was committed." TEX. CODE CRIM. PROC. ANN. art. 17.15(3). The picture of the victims in the record shows two apparently healthy little girls. But the record also shows a parent taunting a crying little girl locked in a wire cage for stealing something to eat. The odious nature of the crime justifies the greater weight given to this factor in setting the amount of bail required.

However, Appellant is charged with a third degree felony. The maximum sentence for a third degree felony is ten years. *See* TEX. PENAL CODE ANN. § 12.34(a) (West 2019). Bail in the amount of $500,000 is almost never required except in capital or murder cases. *See, e.g.,*

*Ludwig v. State*, 812 S.W.2d 323 (Tex. Crim. App. 1991); *Ex parte Hunt*, 138 S.W.3d 503 (Tex. App.—Fort Worth 2004, pet. ref'd); *Montalvo*, 315 S.W.3d at 593. The primary purpose of an appearance bond is to assure the defendant's presence in court. *Vasquez*, 558 S.W.2d at 479. It is not to be used as an instrument of punishment or oppression. Appellant has already been in jail nearly fourteen months awaiting trial.

After considering the rules set out in Article 17.15 of the Texas Code of Criminal Procedure, the evidence presented in the trial court, and the relevant considerations in the case law, we conclude the trial court abused its discretion in denying Appellant's request for a pre-trial bail reduction. Appellant's issue is sustained.

## DISPOSITION

Because we sustain Appellant's sole issue, we *reverse* and *remand* this case to the trial court for further proceedings consistent with this opinion.

**BILL BASS**
Justice

Opinion delivered May 12, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 12, 2021**

**NO. 12-20-00230-CR**

**EX PARTE: JOSHUA LEE TURNER**

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. 2020-0183)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*