**Opinion issued July 14, 2022**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-20-00004-CR**

**NO. 01-20-00005-CR**

———————————

**EX PARTE JOSEPH GOMEZ, Appellant**

---

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1657519 & 1657521**

---

## MEMORANDUM OPINION ON REMAND

This case is before us on remand from the Court of Criminal Appeals. This is a direct appeal from the trial court's denial of appellant Joseph Gomez's pretrial application for writ of habeas corpus relating to the bail set in his case. This court previously held that the trial court erred by increasing the total amount of bail set

by the magistrate from $40,000 to $150,000 because there was no good and sufficient cause to do so.

The Court of Criminal Appeals reversed, directing this court to address whether the amount of bail set by the trial court was excessive and to address Gomez's remaining issues, if necessary. On remand, we conclude that Gomez has not demonstrated that the bail set by the trial court was excessive. We further conclude that the procedural issues raised by Gomez are not cognizable on appeal from an application for writ of habeas corpus.

We affirm.

## Background

Gomez was arrested for burglary of a habitation and assault on a family member after he allegedly entered the home of his ex-girlfriend without permission, waited for her in hiding, and strangled her until others in the house intervened. The magistrate set bail in the amount of $25,000 for the burglary of a habitation charge and $15,000 for the charge of assault on a family member. Gomez's father posted bail. Within hours of Gomez's release, he appeared in court. The district court increased the amount of bail to $75,000 on each charge. After an evidentiary hearing, the court denied Gomez's motion to reinstate the prior bonds and release Gomez from custody. Gomez then filed an application for writ of

habeas corpus, asserting that the bail was excessive. The trial court denied the application.

Gomez appealed the denial of his application for writ of habeas corpus, arguing that the court abused its discretion by revoking his bonds and increasing his bail, the court violated his Due Process rights to notice and counsel and by failing to follow the Texas Rules of Evidence. This court held that no good and sufficient cause was shown for revoking Gomez's bail, rearresting him, and increasing the amount of bail. We also held that the court erred by not making findings of fact.

The Court of Criminal Appeals reversed, holding that the trial court has discretion to set the amount of bail and, under the Texas Code of Criminal Procedure, to revoke the bond if the court finds the bail bond to be "defective, excessive or insufficient in amount, or that the sureties, if any, are not acceptable, or for *any other* good and sufficient cause." TEX. CODE CRIM. PROC. art. 17.09 sec. 3 (emphasis added). The Court emphasized that "Article 17.09 does not require a trial court to justify its ruling; it only requires that the trial court 'find' that the bond is insufficient in amount." *Ex parte Gomez*, 624 S.W.3d 573, 578 (Tex. Crim. App. 2021). The Court held that the question for this court is not whether the $40,000 combined bail set by the magistrate was insufficient but

whether Gomez has shown that the bail set by the court—$150,000—was excessive and therefore an abuse of discretion. *Id.* at 578–79.

## Analysis

### I. Pretrial habeas corpus

The trial court has discretion to set the amount of bail. TEX. CODE CRIM. PROC. art. 17.15 (former)[1]; *see Gomez*, 624 S.W.3d at 578. We review a trial court's decision to grant or deny habeas corpus relief for an abuse of discretion. *Gomez*, 624 S.W.3d at 578; *see Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. 1981) (reviewing bail pending appeal for abuse of discretion); *Montalvo v. State*, 315 S.W.3d 588, 592 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (same). Under this standard, we may not disturb the trial court's decision when it falls within the zone of reasonable disagreement. *Montalvo*, 315 S.W.3d at 592. When, as here, a habeas appeal concerns pretrial bail, we may not simply conclude that the trial court did not "rule arbitrarily or capriciously." *Id.* at 593. Rather, we must "measure the trial court's ruling against the relevant criteria by which the ruling was made." *See id.*; *see also Ex parte Dixon*, PD-0398-15, 2015 WL 5453313, at *2 (Tex. Crim. App. Sept. 16, 2015) (not designated for publication) ("Habeas

---

[1] In the most recent legislative session, the Texas Legislature significantly revised the statutes pertaining to bail. *See, e.g.*, 2021 Tex. Sess. Law. Serv. 2nd Called Sess. Ch. 11 (S.B.6). In this opinion, citations to the Texas Code of Criminal Procedure refer to the statutes as they existed when the trial court ruled on the application for writ of habeas corpus.

courts determine the bearing of the evidence on the relevant bail criteria *only* in the first instance. On appellate review, it is the duty of the reviewing court to measure the ultimate ruling of the habeas court against the relevant bail factors to ensure that the court did not abuse its discretion.").

## II. Gomez has not shown an abuse of discretion.

### A. Bail must not be excessive

"'Bail' is the security given by the accused that he will appear and answer before the proper court the accusation brought against him and includes a bail bond or a personal bond." TEX. CODE CRIM. PROC. art. 17.01 (former). The primary purpose for setting bail is to secure the presence of the defendant in court at his trial. *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977); *Montalvo*, 315 S.W.3d at 593. The amount of bail should be sufficiently high to give reasonable assurance that the accused will appear but should not be set so high as to be an instrument of oppression. *Montalvo*, 315 S.W.3d at 593.

### B. Challenging the amount of bail

The right to be free from excessive bail is protected by the United States and Texas Constitutions, as well as the Texas Code of Criminal Procedure. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, §§ 11, 13; TEX. CODE CRIM. PROC. art. 1.09, 17.15 (former). An accused may challenge the excessiveness of bail by filing an application for a pretrial writ of habeas corpus. *See* TEX. CODE CRIM. PROC. art.

5

11.24 (former). An applicant for habeas corpus relief must prove his factual allegations by a preponderance of the evidence. *See Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995). The habeas corpus applicant has the burden to prove that the amount of bail set by the court is excessive. *See Rubac*, 611 S.W.2d at 849; *Ex parte Ruiz*, 129 S.W.3d 751, 753 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

**C.      Factors relevant to setting the amount of bail**

The amount of bail required in any case is within the discretion of the trial court subject to the following rules:

1.      The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2.      The power to require bail is not to be so used as to make it an instrument of oppression.

3.      The nature of the offense and the circumstances under which it was committed are to be considered.

4.      The ability to make bail is to be regarded, and proof may be taken upon this point.

5.      The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. art. 17.15 (former). In addition to these statutory rules, courts also may consider the following factors in setting bail: (1) the defendant's work record; (2) the defendant's family and community ties; (3) the defendant's length of residency; (4) the defendant's prior criminal record; (5) the defendant's

6

conformity with previous bond conditions; (6) the existence of other outstanding bonds, if any; and (7) the aggravating circumstances alleged to have been involved in the charged offense. *Rubac*, 611 S.W.2d at 849–50.

### D. Gomez did not carry his burden of proof.

In his original brief and in supplemental briefing filed after the Court of Criminal Appeals remanded the appeal to this court, Gomez has centered his arguments on the process by which the trial court increased his bail and his requests to lower it by reinstating the prior bond. Construing his briefs liberally and reasonably, as we must, we conclude that he has raised an issue challenging the excessiveness of the $150,000 bail set by the trial court. *See* TEX. R. APP. P. 38.9 (briefing rules to be construed liberally).

**1. Reasonable assurance Gomez will appear.** The statute requires bail to be set high enough reasonably to assure that defendant will appear in court. In this case, after his father posted bond, Gomez appeared in court. That is some evidence to support that $40,000 bail was sufficient to reasonably assure that Gomez would appear in court. Bail of $150,000 would, likewise, assure that he would appear in court, but because $40,000 did assure his appearance, this factor suggests that $150,000 was excessive.

**2. Bail should not be used as an instrument of oppression.** Nothing in the record addresses this factor. There is no evidence that bail was used as an

instrument of oppression. This weighs against a finding that the bail set by the trial court was excessive.

**3. Nature and circumstances of the offense.** When considering the reasonableness of bail, the primary factors are the nature of the offense and punishment that may be imposed. *See Rubac*, 611 S.W.2d at 849. Gomez was charged by indictment with burglary of a habitation and assault of a family member. *See* TEX. PENAL CODE § 30.02 (burglary); *id.* § 22.01 (assault). Burglary of a habitation is ordinarily a second-degree felony, but the offense is enhanced to a first-degree felony when the accused committed or attempted to commit a felony other than felony theft. *Id.* § 30.02(c), (d). In this case, Gomez is accused of entering his ex-girlfriend's home without permission, hiding in wait for her, and committing the offense of assault of a family member. Thus, as charged in the indictment, burglary of a habitation is a first-degree felony. The range of punishment for a first-degree felony is 5 to 99 years or life in prison and a fine of up to $10,000. *See id.* § 12.32 (First Degree Felony Punishment).

Assault is ordinarily a Class A misdemeanor, but the offense is a felony of the third degree if the offense is committed against a person with whom the accused had a dating relationship and is "committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the

person's nose or mouth." *Id.* 22.01(b)(2)(B); *see* TEX. FAM. CODE § 71.0021(b). Gomez is charged with causing "bodily injury" to his ex-girlfriend, "a person with whom [he] had a dating relationship" by "impeding the normal breathing and circulation of the blood" by "applying pressure to [her] throat and applying pressure to [her] neck." Thus, as charged in the indictment, assault of a family member is a felony of the third degree. The range of punishment for this offense is 2 to 10 years in prison and a fine of up to $10,000. TEX. PENAL CODE § 12.34 (Third Degree Felony Punishment).

The nature of the charged offenses and the potential range of punishments for which Gomez may be eligible support the trial court's setting of bail at $75,000 for each offense. *See Ex parte Castillo-Lorente*, 420 S.W.3d 884, 888 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (seriousness of charges, involvement of aggravating factors, and potentially lengthy prison sentences provide strong incentive for accused to flee jurisdiction and support imposition of high bail amount). In addition, the court could consider as a relevant circumstance that the assault was allegedly interrupted by other people in the house. Had the assault not been interrupted, the result of the alleged offense could have been a more serious injury or death. *See Guerrera v. State*, 141 Tex. Crim. 278, 148 S.W.2d 421 (1941) (affirming murder conviction of husband who strangled his wife with his hands).

The amounts set for bail individually and in combination are not excessive compared to bail set for crimes with similar ranges of punishment. *See Montalvo*, 315 S.W.3d at 593–96 (affirming $100,000 bail for first-degree felony charge of murder); *see also Ex Parte Dupuy*, 498 S.W.3d 220, 230 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (affirming bail of $200,000 on each third-degree felony charge of online impersonation for using complainants' names and personas without consent and with intent to harm, defraud, intimidate, or threaten); *Ex parte Miller*, 442 S.W.3d 478, 483 (Tex. App.—Dallas 2013, no pet.) (affirming bail of $200,000 and $50,000 for offenses of terroristic threat and retaliation, both third-degree felonies with enhancements alleged that would raise the punishment to that of a second-degree felony).

This factor supports a conclusion that the bail set by the trial court was not excessive.

**4.    The ability to make bail.** A defendant's ability to make bail is only one factor to be considered in determining the appropriate amount of bail. *See* TEX. CODE CRIM. PROC. art. 17.15(4) (former); *Ex parte Vance*, 608 S.W.2d 681, 683 (Tex. Crim. App. 1980) ("It is established that the ability or inability of an accused to make bail does not alone control in determining the amount of bail."). A defendant's inability to make bail does not render bail excessive. *See Wright v. State*, 976 S.W.2d 815, 820 (Tex. App.—Houston [1st Dist.] 1998, no pet.) ("It is

well settled that the ability of an accused to make bail does not itself control the amount of bail, even if the accused is indigent.").

"To show that he is unable to make bail, a defendant generally must show that his funds and his family's funds have been exhausted." *Milner v. State*, 263 S.W.3d 146, 149 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Vague references to inability to make bond, in the absence of evidence detailing the accused's specific assets and financial resources, do not support bail reduction. *Cooley v. State*, 232 S.W.3d 228, 236 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

All of the evidence regarding Gomez's ability to make bail came from his father, Tim Gomez, who testified at the habeas corpus hearing. Tim Gomez testified that he did not have $150,000 to pay his 27-year-old son's bail in cash. Tim said he was unable to afford the fees to obtain a bail bond for $150,000, although he did not mention how much that would cost. He also said that there were no other family members who could contribute or assets that could be liquidated to pay for a bail bond. Tim said that Gomez had been working as a waiter but was unemployed at the time of the hearing. Tim also said that Gomez did not own any assets of value, such as real estate, a vehicle, or a checking or savings account. In his affidavit, Tim stated that he and his wife financially support Gomez who "has nothing to contribute to posting his bond." Tim also stated: "We are unable to post the bonds for [Gomez] as they are. My family does not have the

11

means to post two additional bonds of seventy-five thousand dollars. We do not have the funds and will not have the funds." Gomez did not mention anything about his financial status, employment history, or ties to the community in his sworn statement.

Gomez did not include any information about his financial status, assets, or his ability to make bond in his sworn statement. Tim's affidavit and live testimony provided some information about Gomez's assets, but his testimony about his ability to help his son was conclusory. This is nonspecific evidence that suggests that Gomez was unable to pay any amount of bail. But inability to pay bail does not render bail excessive even when the accused is indigent. *See Wright*, 976 S.W.2d at 820. This factor does not indicate that the bail was excessive. *See id.*

**5.     The future safety of the victim and the community.** Gomez introduced the magistrate's order for emergency protection of his ex-girlfriend, and he averred in his sworn statement that the trial court had admonished him to stay away from her. He also introduced the Public Safety Assessment, which showed he was at the lowest risk for new criminal activity and for failing to appear in court in the future, based on part on his lack of criminal history. Tim testified that Gomez was not a violent person, but the trial court could have discounted that evidence in light of the evident bias of the father in favor of his son and the violent circumstances alleged in the indictments. While a long criminal history may justify

a high amount of bail, the absence of criminal history does not indicate that the bail set in this case is excessive.

**6.** **Other factors.** The record includes some evidence related to other factors that the court may consider when setting bail. Tim Gomez testified that his son had been working as a waiter, but he said his son was unemployed at the time of the hearing. No evidence indicated how long he had worked as a waiter or why that work experience connected him to the community. Gomez is 27 years old, unmarried, and lives with his father and his family. He has lived in the area for his entire life, yet he provided no additional evidence of community ties that would provide reasonable assurance that he would appear for trial. We have already noted a lack of criminal history. These other factors do not demonstrate that the bail set by the court was excessive. *Cf. Golden v. State*, 288 S.W.3d 516, 517 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (holding that $200,000 bail on each of two drug possession charges was excessive when accused lived with wife, owned and operated a flooring business, previously attended drug and alcohol abuse counseling, would resume counseling if released on bond, and had support from church and community).

Considering all of the factors, we conclude that Gomez did not carry his burden to prove that the amount of bail set by the trial court was excessive. We overrule this issue.[2]

## III. Gomez's procedural issues are not cognizable in pretrial habeas corpus.

"[P]retrial habeas, followed by an interlocutory appeal, is an 'extraordinary remedy,' and 'appellate courts have been careful to ensure that a pretrial writ is not misused to secure pretrial appellate review of matters that in actual fact should not be put before appellate courts at the pretrial stage.'" *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) (quoting *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010)). "A defendant may use a pretrial writ of habeas corpus only in very limited circumstances." *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). "Consequently, whether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved." *Ellis*, 309 S.W.3d at 79. An accused may use a pretrial writ of habeas corpus to challenge: (1) the State's power to restrain him at all; (2) the manner of pretrial restraint, such as denial of bail; and (3) issues which, if meritorious, would

---

[2] We are constrained in our review to the question of whether the bail set by the trial court was excessive. But we note that the procedure by which the trial court increased the amount of bail in the wake of the Gomez's family's posting bail in the amount set by the magistrate is the opposite of a transparent judicial process. Because the court need not make findings of fact or in any way explain why it increased bail and because the defendant has the burden of proof to demonstrate that bail is excessive, the trial court's determination to increase the amount of bail is unreviewable, even if it were, in fact, an arbitrary decision.

bar prosecution or conviction. *Smith*, 178 S.W.3d at 801. A pretrial application for a writ of habeas corpus is "not appropriate when resolution of the question presented, even if resolved in favor of the applicant, would not result in immediate release." *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001).

Gomez raised procedural challenges, asserting that he did not have counsel of his choosing at his bail hearing and that the trial court did not adhere to the Texas Rules of Evidence. The remedy for these challenges would be a new hearing at which he could have counsel of his choosing and the court would adhere to the Rules of Evidence. But it would not result in immediate release. Accordingly, we conclude that Gomez's procedural challenges are not cognizable in a pretrial habeas corpus application. We overrule Gomez's remaining issues.

## Conclusion

We affirm the order of the trial court denying the application for writ of habeas corpus. All pending motions are dismissed as moot.


Peter Kelly
Justice

Panel consists of Justices Kelly, Landau, and Farris.

Justice Landau, concurring without opinion.

Do not publish.  TEX. R. APP. P. 47.2(b).